Cunningham, Judge.
Plaintiff below, appellee here,, brought her action in the county court of Pueblo county to recover two thousand dollars by way of damage which she alleges the city had occasioned io her property by constructing an excavation of the depth of something over twenty feet directly in front of- her property, and within three or four feet of the front line thereof. This excavation, which it is admitted the city constructed,, was made by it in connection with the building of a viaduct, referred to in ease No. 3551, The City of Pueblo v. Bernard Bradley, and in case No. 3610, The City of Pueblo v. Travelers’ Insurance Company, which we have just decided. The principal contentions raised by the city in this case have been considered and disposed of by ns in the above cases contrary to the position taken by the city, and the conclusions reached in those two cases must govern in this.
*204 There is one point raised in this case and properly presented in the record, not presented in the other cases, or, if presented in them, not so presented as to require determination; we refer to the offer of proof by the city as to the cost of the construction of plaintiff’s improvements at the time they were constructed, to-wit, 1889, the cost of constructing them shortly before the building of the viaduct, and the depreciation i.n the value of the same. The court declined to permit this character of proof, and error is assigned on the court’s ruling in this behalf.
Conceding, but not deciding, that it is proper, in a case of this sort, in order to arrive at the value of the property affected by the improvement, and the consequent damage resulting therefrom, to prove the value of the buildings upon the property separate and apart from the land, still, from an examination of the entire record, the probability that prejudice resulted to the city from this ruling of the court seems altogether too remote to warrant a reversal of the case. It is believed that there are authorities both for and against the proposition that the value of the entire property may be arrived at by proof of the value of the land and proof of the value or cost of the buildings separate and apart from the land. So far as we are advised, no rule has yet been positively established in this state on this subject, and we purposely leave the matter open for the reason already assigned.
The judgment of the trial court is affirmed.

Affirmed.